Howard T. Hogan, J.
Petitioner seeks to review a ruling of the State Rent Administrator who, it is claimed, has refused to conform section 33 (subd. 5, par. a) of the State Rent and Eviction Regulations with subdivision 4 of section 4 of the State Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1955, ch. 685).
Briefly stated, it is petitioner’s contention that in calculating the net return of 6% per annum to which petitioner was entitled from the rents of an apartment house for the year 1955, the Administrator has arrived at an erroneous valuation of the property by applying to its current assessed valuation the ratio which said valuation bears to the equalization rate as determined by the State Board of Equalization and Assessment in 1953, wherein he should have used the current equalization rate for the year 1955.
This contention rests on the following facts: In 1953 the State Residential Rent Law (L. 1946, ch. 274) was amended to provide (L. 1953, ch. 320, § 2; L. 1953, ch. 321, § 6) a method of computing a rental which would not exceed 6% of the actual value of a controlled housing accommodation. That “ actual ” value was to be determined by taking the current assessed valuation of a particular property and Applying to it the ratio *777 which it bore to the full valuation as determined by the State Board of Equalization and Assessment.
In 1954, the Legislature, in order to permit a more equitable distribution of public moneys among the various school districts in the State (necessitated, doubtless, by the rapid shifting of population) found it necessary to amend the Tax Law, the Education Law, the Local Finance Law, the Town Law and the General Construction Law (note here that it did not purport to amend the State Residential Rent Law). This it did by enacting chapter 141 of the Laws of 1954, the effect of which was to provide a new base for the calculation of the equalization rate as it was to be applied to school districts. It provided, however, that this new method of calculation would not affect the existing formula for determining maximum rent, by including the following limitation in said chapter 141: “ § 3. Notwithstanding the provisions of any general, special or local law, for the purposes of subdivision four of section four of chapter two hundred seventy-four of the laws of nineteen hundred forty-six, as amended, constituting the emergency housing rent control law, the ratio which the assessed valuation bears to the full valuation shall be computed by using the equalization rate established by the state board of equalization and assessment for use in placing special franchise assessments on assessment rolls completed in nineteen hundred fifty-three.” (Emphasis supplied.)
Without purporting to amend the State Residential Rent Law, the Legislature inserted the above section in chapter 141 of the Laws of 1954 for the apparent purpose of retaining the method of computing maximum rent as set forth in chapters 320 and 321 of the Laws of 1953 and exempting this fixed formula from the amendment then being enacted for the stated purpose of changing the method of distribution of public moneys to school districts. If it were the legislative intent to treat this section as an amendment to chapters 320 and 321 of the Laws of 1953, then the State Residential Rent Law would have been included among those laws specifically enumerated in the preamble to chapter 141 of the Laws of 1954 as being amended by that chapter.
The State Residential Rent Law, by its terms was to have expired in 1955. The Legislature, however, enacted chapter 685 of the Laws of 1955, entitled ‘ ‘ An Act to amend the emergency housing rent control law generally ’ ’, which, among other things, extended the operation of the law to June 30, 1957.
Subdivision 4 of section 4, as amended by the new chapter, reads in part as follows: “ Provision shall be made pursuant to regulations prescribed by the commission, for individual *778 adjustment- of maximum rents where (1) the rental income from a property yields a net annual return of less than six per centum of the valuation of the property. Such valuation shall be the current assessed valuation established by a city or town, which is in effect at the time of the filing of the application for an adjustment under this subparagraph properly adjusted by applying thereto the ratio which such assessed valuation bears to the full valuation as determined by the state board of equalization and assessment.”
This application now hinges on the question: ‘ ‘ Did chapter 685 of the Laws of 1955 change the existing formula for the calculation of the equalization rate as it is to be applied in determining maximum rent? ”
If the original formula were not modified in 1954, but merely confirmed or clarified, then it was not changed in 1955, since the pertinent language of chapters 320 and 321 of the Laws of 1953 and of chapter 685 of the Laws of 1955 are virtually identical.
If we examine this legislation in the light of the situation it is designed to control, i.e., the stabilization of rents until the number of housing units approaches the demand, then the legislative intent appears to be to tie rents to operating costs rather than to the year to year fluctuations of the “ full value ” of the accommodations. Accepting this interpretation, the court finds that the rules of the Bent Administrator are not in conflict with the State Residential Rent Law, and that therefore, the petitioner is not entitled to the relief which it seeks.